## LICENSE TO MAINTAIN STREET RAILWAY TRACK.

Circuit Court of Hamilton County.

Proprietors of the Cemetery of Spring Grove v. Cincinnati Street Railway Company et al.*

Decided, November 14, 1908.

*Contracts—Agreement for Occupation of Land by Street Railway Tracks—Construed to be a License—Conflicting Provisions of an Ordinance.*

An agreement for the maintenance of a street railway loop on private property for a period not exceeding twenty-five years, for a consideration of one dollar per year while so maintained, and upon cessation of the use of said track it shall be removed upon demand of the owner of the land at the expense of the street railway company, is a mere permit or license to the street railway company for a period not exceeding that named, and the owner of the land can not insist on the operation of cars over the loop in the face of an ordinance providing for a different route.

*Lawrence Maxwell*, for plaintiff.
*Paxton & Warrington* and *Kittredge & Wilby*, contra.

Smith, J.; Swing, P. J., and Giffen, J., concur.

We are of opinion that all. the letters, reports, dealings, negotiations, etc., had between the plaintiff and the defendant, the Cincinnati Street Railway Company, relative to the subject-matter in dispute in this case culminated in the written agreement under date of April 21st, 1898. All matters, therefore, extrinsic of this agreement are eliminated, and the rights of the parties are to be determined under the terms and conditions thereof.

By the terms of the contract, the plaintiff granted to the defendant, the Cincinnati Street Railway Company, the right to maintain a loop or part of its railway on Gray road upon the

---

* For previous opinion in same case, see *Winton Place* v. *Cincinnati Street Railway Co. et al*, 3 O. L. R., 178 (affirmed by the Supreme Court without report, 76 O. S.)

property of plaintiff; to erect and place thereon certain poles, wires and other appurtenances necessary in the construction and operation of its railroad; and to construct and maintain a waiting room upon its said property, all in consideration of one dollar per year for a period not exceeding twenty-five years from April 21, 1898, while said track, appurtenances, waiting room, etc., should remain on the plaintiff's property; and that upon cessation of the use of either said track or said waiting room, both, at the demand of the plaintiff, should be removed by the defendant at its own charge and expense, and the property of the plaintiff should be restored.

It was further agreed that at the expiration of said twenty-five years the said defendant would remove said track, appurtenances and waiting room from the property of plaintiff, and would restore said property to as good order and condition as the other property of the plaintiff adjacent thereto. The contract also provided, that if the defendant failed to perform any of the agreements it had entered into for twenty days after any complaint made by the plaintiff the license and agreement entered into between the parties, at the option of the plaintiff, should be terminated, and plaintiff would have a right to remove the track with its appurtenances and waiting room, and to restore the ground whereon they stood to the good order and condition of the adjacent property of the plaintiff at the expense of the defendant.

In accordance with this agreement, said defendant built and operated through itself and its lessee said railway until May 10th, 1903, when it is claimed said railway company abandoned the operation of its line on Winton and Gray roads north of Epworth avenue, except on Sunday, on which day it ran a car from the intersection of Epworth avenue and Winton road. It appears that this abandonment was under the provision of an ordinance, No. 414, passed February 10, 1903, by the council of Winton Place to provide for the extension of Route No. 1 of Winton Place Street Railway as established by ordinance, passed November 2d, 1894, which gave to the Cincinnati Traction Company, lessee of the Cincinnati Street Railway Company, the

right, whenever it saw fit, to abandon the operation of so much of its street railroad as lay within the village, on Winton road north of Epworth avenue and on Gray road, and to remove the rails, poles, fixtures and appliances on that portion of Winton and Gray roads upon said abandonment; but, until it so determined to abandon this portion of its road, it should have the right to operate cars over the same at such times and upon such days as it might see fit.

This ordinance has heretofore been held by the Supreme Court to be valid and binding as between the village and the street railroad company, and when the contract of April 21st, 1898, was made, the parties thereto must be held in contemplation of law to have entered into the same under and with the knowledge of the law of the state and their rights thereunder. A contract such as in this case could only be made subject to the law relating to the control of and granting of franchises to street railway companies by the council of villages, as municipalities upon whose streets said railway was to be built and operated, and unless there is something in the contract itself which the plaintiff could enforce against the defendant company, notwithstanding the ordinance permitting the defendant company to abandon the operation of its road, to compel it to so operate for a period of twenty-five years, we are inclined to the opinion that plaintiff could not insist upon the operation of the railroad by the defendant company in the face of the ordinance in question.

Upon an examination of the contract we fail to find any such provision. The contract is merely a license or permit to the defendant to use for a period not exceeding twenty-five years the property of the plaintiff for street railway purposes.

It seems to contemplate just such a course as has happened in this case, for it provides what shall take place upon cessation of the use of the railroad track, for the payment of one dollar per year while said track, appurtenances, etc., should be upon the property of the plaintiff, and it also provides what shall take place upon the failure of the defendant to perform any of its agreements for twenty days after complaint made by the

plaintiffs. Nowhere in the agreement does the defendant bind itself to build, maintain and operate a railroad upon Gray road and Winton road for a period of twenty-five years, but rather a license or permission is given the defendant to use the property of plaintiff as specified in the agreement for a term not longer than twenty-five years, evidently meaning or contemplating thereby that the defendant might maintain and operate its track with its appurtenances for a shorter period. We think, therefore, that the equities of the case are with the defendants, and the relief prayed for in the petition will be denied.